```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
                CR 21-CR-145(PAM/LIB)
```

United States of America,    )
                             )
            Plaintiff,       )
                             )   **SECOND MOTION TO DISMISS**
    vs.                      )
                             )
Tony Lee Lussier,            )
                             )
            Defendant.       )

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The defendant, Tony Lee Lussier, through and by his attorney, Paul Engh, and pursuant to Rule 12(b)(1) and 3(A), Federal Rules of Criminal Procedure, and in additional to his original Motion, moves the Court to dismiss on additional grounds.  They are these:

1.  What has occurred here – the Red Lake Tribal Court prosecution of Mr. Lussier for the same offense charged federally – violates the Double Jeopardy Clause.  We acknowledge that the case law is inhibiting, see United States v. Wheeler, 435 U.S. 313 (19780; United States v. Lara, 541 U.S. 193 (2004) and United States v. Gamble, 587 U.S. ___, 139 S.Ct. 1960 (2019).  The law is not meant to be static, however.  The composition of the High Court has changed, and will continue to evolve.  The Roe and Casey opinions, it would seem, are about to be reversed, the dissenters decades ago establishing a new and conservative majority.

It is correct, today, to say that the United States is

attempting to incarcerate Mr. Lussier when he has already been punished for the same conduct.

2. By this prosecution, Mr. Lussier has also been denied his Fourteenth Amendment "equal protection of the laws." Mr. Lussier's status as an Indian afforded the Red Lake Tribal Court jurisdiction. The United States does not engage in the practice of successive prosecutions for identical crimes, provided the defendant was convicted in the Minnesota District Court. The reason for this is the Petite Policy.

Thus, as applied, there are two classes of defendants. Those Indians in the Tribal Court, who are subsequently charged with identical federal crimes. And those defendants in the State Court who, once convicted of an identical federal crime, are not indicted. They are mostly white.

On the one hand, the Tribal Court has no jurisdiction over a non-Indian, see Oliphant v. Suquamish Indian Tribe, 435 U.S. 191, 195 (1978); Public Law 280, 18 U.S.C. 1162 (a), but on the other hand, in Minnesota, the District Court has jurisdiction over the Indian who is not a member of the tribe who commits an offense in, say, the White Earth Reservation. See State v. R.M.H., 617 N.W.2d 5565 (Minn. 2000). There is no jurisdiction in the state court over the Indian who commits an offense on Indian land. State v. Stone, 572 N.W.2d 725, 728 (Minn. 1997). Because he is an Indian, Mr. Lussier's alleged crime happens to fall within both the Tribal Court and federal jurisdictions.

We appreciate that the law places difficult impediments to our claim.  See Morton v. Mancari, 417 U.S. 535, 551-52 (1974).  The distinction the cases make – between tribal enrollment and race – see e.g., United States v. Antelope, 430 U.S. 641, 645-47 (1977) – is circular and unpersuasive.  For to be a member of the Tribe, the individual has to have Indian blood.  To have Indian blood from a Red Lake parent confers Tribal membership.

This prosecution, in base form, is designed to imprison Mr. Lussier for decades.  He is considered, so the Government claims, a career offender by the federal guidelines.  Were Mr. Lussier not an Indian, and had this offense occurred in, say, Bemidji, the federal court would have no jurisdiction.  And had the offense, we continue, occurred in Bemidji, Mr. Lussier would have at least been appointed a qualified and licensed lawyer to represent his interests.  His due process right to counsel was abridged in the Tribal Court, and his plea was without a knowing waiver of that Sixth Amendment right.  There was also no required factual basis to his plea.

3. Our third ground is premised on the admittedly discretionary DOJ Petite Policy, which while not conferring a substantive right upon Mr. Lussier still holds that the Government ought not be in the business of engaging in a prosecution of the same state court offense.  Thompson v. United States, 444 U.S. 248, 248 (1980); United States v. Leathers, 354 F.3d 955, 962 (8th Cir. 2004).  While the Tribal Court conviction

followed by a federal prosecution is not necessarily barred by the policy itself, United States v. Lester, 922 F.2d 174, 176 (8th Cir. 1993), there must be a "compelling federal interest supporting the successive federal prosecution." United States v. Hernandez, 972 F.2d 885, 888 n. 1 (8th Cir. 1992) (citing Petite v. United States, 361 U.S. 529, (1960) and explaining the policy). The compelling interest, if one existed, should have been exercised upon Mr. Lussier's arrest. The law has never favored the Government's without-an-excuse delay.

What remains is that the Government is engaged in an awful strategy the policy discourages. That strategy is to engage in a joint investigation of an Indian, have Tribal Court charges be filed knowing that there will be no lawyer appointed, wait until an un-counseled plea occurs and the less-than-a-year maximum sentence is served, and then grab the Indian on an Indictment which would have been brought before the Tribal charges were even considered.

To say this approach to the law is okay is to say, to Mr. Lussier and all of those similarly situated, that his life as an Indian can be manipulated willy nilly, while the white defendant, who settles his or her case in a State Court will not face a federal prosecution as a matter of policy. And it's not enough, in our view, to be cold about this practice, to hold, well, what can be done about it.

We appreciate that this Court has been asked to decide

similar motions in the past, e.g., <u>United States v. Statley</u>, 19-CR-342 (ECT/LIB), Report and Recommendation, Docket No. 142, but this case is new controversy, our facts are far more compelling, and the composition of the Supreme Court has changed.

We would appreciate leave to file additional legal authority and argument.

Dated: June 2, 2022                     Respectfully submitted,

/s/ Paul Engh

_____
PAUL ENGH, Lic. 134685
Suite 2860
150 South Fifth Street
Minneapolis, MN 55402
(612) 252-1100

Attorney for Mr. Lussier