UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 21-145 (PAM/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Tony Lee Lussier, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Leo I. Brisbois dated October 11, 2022. (Docket No. 93.) The R&R recommends denying Defendant Tony Lee Lussier's Motion to Suppress Statements and his Second Motion to Dismiss, and denying as moot his Motion to Suppress his Tribal Court Guilty Plea. (Docket Nos. 46, 48, 65.) Review of the Magistrate Judge's conclusions on dispositive issues – the Motions to Dismiss and Suppress Statements – is de novo. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). Review of the Magistrate Judge's rulings on nondispositive issues – such as the discovery Motions at issue here – is for clear error. D. Minn. L.R. 72.2(a). Defendant filed timely objections to the R&R, and the Government responded to those objections. (Docket Nos. 94, 95.) The matter is ripe for this Court's review, and for the following reasons, the Court adopts the R&R.

**BACKGROUND**

Lussier is charged with assault with a dangerous weapon, in violation of 18 U.S.C. §§ 113(a)(3), 1151, and 1153(a), and sexual abuse of an incapable victim, in violation of

18 U.S.C. §§ 2242(2), 1151, and 1153(a).  (Docket No. 1.)  The full factual background in this matter is set forth in the thorough R&R and will not be repeated here.

## DISCUSSION

Lussier challenges the R&R's findings regarding various Motions, discussed in turn below.

**A.     Motion to Dismiss**

Lussier contends that this prosecution violates his equal-protection and due-process rights because he was previously held in the Red Lake Jail and sentenced by the Tribal Court, and he objects to the Magistrate Judge's conclusion that no such violation of rights occurred.  As the R&R thoroughly discussed, this prosecution does not violate Lussier's right to equal protection and due process under the law.  (R&R at 22-25.)  Further, Magistrate Judge Brisbois explained that Lussier's argument that Oklahoma v. Castro-Huerta, 142 S. Ct. 2486 (2022), changed the legal landscape is unfounded, because "[n]othing in Castro-Huerta diminishe[d] the Red Lake Nation's existence as a distinct sovereign entity or the long standing dual sovereign doctrine."  (Id. at 24.)  Lussier's objection on this issue is without merit.

**B.     Motion to Suppress Statements**

The R&R recommends that the Court not suppress the statements Lussier made during an interview with law enforcement, and Lussier objects to this conclusion. Specifically, Lussier contends the three-day delay in presenting him to the Tribal Court contravened due process.  As explained in the R&R, Lussier had not been federally arrested or charged at the time of the interview with law enforcement; thus, "the presentment

obligation imposed by Rule 5(a)(1)(A), implicitly referenced by 18 U.S.C. § 3501(c)" had not arisen. (Id. at 21.) Indeed, Lussier was not federally charged for nearly nine months after his arrest in Red Lake. (Id.) This objection fails.

Additionally, Lussier contends that FBI Special Agent Ryan Nilson, who participated in the interview, colluded with Red Lake Authorities. But, as Magistrate Judge Brisbois concluded, Lussier offers no evidence to support his argument to that end. (Id. at 21-22.) Lussier's objections regarding his Motion to Suppress Statements are overruled.

### C.   Motion to Suppress Guilty Plea

Because the Government does not plan to introduce Lussier's Tribal Court conviction in its case-in-chief, Lussier's Motion to suppress his guilty plea in Tribal Court is denied as moot. (Id. at 19.)

### D.   Motion to Disclose the Victim's Sexual Partners

Magistrate Judge Brisbois rejected Lussier's Motion to disclose the victim's sexual partners, and noted that Lussier provides no authority to support his argument. (Id. at 18.) Here, too, Lussier fails to provide authority for his Motion. The Court finds no error in R&R's reasoning, and will not overrule the Magistrate Judge's denial of this Motion.

### E.   Motion for Ex Parte Review of Alleged Victim's Medical Records

Similarly, Magistrate Judge Brisbois denied Lussier's Motion to subpoena the victim's medical records, finding that Lussier failed to comply with Fed. R. Crim. P. 17(c)(3). Lussier ostensibly raises this issue "to alert the Court about the facts and the continued need for the medical records that will support Mr. Lussier's claims of innocence." (Def.'s Objs. (Docket No. 95) at 25.) Regardless, Magistrate Judge Brisbois

denied Lussier's Motion, and to the extent that Lussier objects to the R&R's conclusion on this issue, the objection is without merit.

The findings in the R&R are not clearly erroneous, and Lussier's objections are overruled.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court **ADOPTS** the R&R (Docket No. 93);

2. Defendant's Motion to Suppress Statements and Second Motion to Dismiss (Docket Nos. 48, 65) are **DENIED**; and

3. Defendant's Motion to Suppress his Tribal Court Guilty Plea (Docket No. 46) is **DENIED as moot**.

Date: Tuesday, December 6, 2022

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge